NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH LESKOW, PETITIONER, v. UNITED PIECE DYE WORKS, RESPONDENT.

For the petitioner, *William R. Cohen.*

For the respondent, *Richard W. Baker.*

\*    \*    \*    \*    \*    \*    \*

At the time of the hearing in this case the petitioner testified in his own behalf and also called to testify his wife and daughter, together with Dr. William R. Silverstein. On behalf of the respondent the petitioner's time records were produced and Miss Baumann was called to testify with the records of the first aid department, and Dr. Greenberg and Referee Mobius were also called to the stand. Although the man alleged that he received a hernia on May 14th, 1928, the first aid records show that he was first treated in the first aid department on April 27th, 1928, and Dr. Greenberg·

stated that although he had already seen the man a couple of times before, the first record that he made in his office in regard to the man was on May 9th, 1928, when he was suffering from a right inguinal hernia. As this was five days before the petitioner said he received a hernia, it is clear that he did not receive a right inguinal hernia on May 14th, 1928. Accordingly, Referee Mobius was called to testify and stated that the man made a statement to him on June 27th, 1928, at which time the petitioner failed to prove (1) prostration, (2) notice to his employer, or (3) medical attendance within twenty-four hours.

Accordingly, after fully considering this case, I find that the petitioner has failed to sustain the burden of proving that he suffered from a compensable hernia within the terms of the Compensation law of this state, and I hereby order that the case be dismissed.

<div style="text-align:right">

JOHN J. STAHL,
*Referee.*